This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                         **No. 34,059**

**KEVIN R.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Raymond L. Romero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Child appeals from a district court order adjudicating him a delinquent child. We issued a calendar notice proposing to affirm. Child has responded with a memorandum in opposition. We affirm the district court.

{2} In this appeal, Child has argued that the district court erred in denying his motion to suppress. "In reviewing a trial court's denial of a motion to suppress, we observe the distinction between factual determinations which are subject to a substantial evidence standard of review and application of law to the facts[,] which is subject to de novo review." *State v. Nieto*, 2000-NMSC-031, ¶ 19, 129 N.M. 688, 12 P.3d 442 (internal quotation marks and citation omitted). "We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964.

{3} Here, the district court suppressed Child's statements, but permitted admission of physical evidence after concluding that Child had not been seized at the initial encounter. Specifically, the district court, sitting as factfinder, determined that the officer's request for Child to step out of the car was part of a consensual encounter. [RP 60-61] *See State v. Jason L.*, 2000-NMSC-018, ¶ 14, 129 N.M. 119, 2 P.3d 856 (noting that police do not need any justification to approach and question an individual as long as the officers do not convey that the individual must comply with

2

their requests). Our calendar notice proposed to hold that the evidence supported the district court's factual interpretation and attendant legal conclusion that Child was not seized.

{4}     In his memorandum in opposition, Child argues that a reasonable person would not have felt free to leave under these circumstances. [MIO 6] Child does not challenge the district court's factual finding that the officer requested rather than demanded that Child step out of the car.  The district court's findings support the district court's determination that no seizure occurred. *See generally id.* ¶¶ 14-19; *cf. State v. Harbison*, 2007-NMSC-016, ¶ 14, 141 N.M. 392, 156 P.3d 30 (considering when a suspect is seized for purposes of the Fourth Amendment and holding that no seizure occurred until the suspect yields to the officer's command to stop); *State v. Gutierrez*, 2008-NMCA-015, ¶ 9, 143 N.M. 522, 177 P.3d 1096 (observing that "if an officer conveys a message that an individual is not free to walk away, by either physical force or a showing of authority, the encounter becomes a seizure under the Fourth Amendment.") (internal quotation marks and citation omitted). We also note that it is consistent with a consensual encounter for the officer to ask—not order—that the conversation continue outside the vehicle based on the presence of the firearm in the vehicle.

{5}     For the reasons set forth above, we affirm.

{6}     **IT IS SO ORDERED.**


_____
                        **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**J. MILES HANISEE, Judge**